UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

KEON HART, 08-B-1749,

           Plaintiff,

       -v-

Captain Officer MICHAEL McCARTHY,
Officer M. WHITE,
Officer S. ALVAREZ,
Officer T. DOLAN,
Officer J. MAYHOOK, and
Officer E. PERRIN.

           Defendants.

———————————————————————

DECISION AND ORDER
07-CV-6607CJS(Fe)

## INTRODUCTION

Plaintiff Keon Hart, an inmate proceeding *pro se* and *in forma pauperis*, has submitted numerous papers, and has several motions that are currently before the Court – a Motion for Miscellaneous Relief (Docket No. 17), a Motion for Summary Judgment, a Motion to Show Cause, and a Motion for a Temporary Restraining Order (Docket No. 21). Defendants have responded in opposition (Docket No. 29). For the reasons discussed below, the motions are dismissed.

## DISCUSSION

### A.    Miscellaneous Relief

Plaintiff has filed this action seeking relief pursuant to 42 U.S.C. § 1983, based on his allegations of excessive force during his arrest. Plaintiff alleges that he was shot in the process of being taken into custody. This addresses the excessive force. Plaintiff was

convicted on the charges for which he was arrested, and the conviction has not been over-turned on appeal or through a collateral attack.   Thus, to the extent that Plaintiff is submitting papers that are intended to call into question the underlying arrest itself, such claims cannot go forward at this time.  Further, any claims challenging the conviction itself would be barred by *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  It may be that Plaintiff is attempting to raise these  claims prophylactically, within the statute of limitations for a § 1983 action, in response to *Wallace V. Kato*, ____ U.S. ____, 127 S.Ct. 1091 (2007) and understands that any claims challenging the nature of the arrest itself must be dismissed without prejudice as premature until he succeeds in the challenge of his conviction.

In any event, any such claims cannot go forward at this time, and are dismissed without prejudice as premature.  Accordingly, the relief sought by Plaintiff's motion for miscellaneous relief is denied.  Additionally, to the extent that Plaintiff is attempting to raise these same claims through his motion for a restraining order and/or for an order to show cause, such relief is denied as barred by *Heck*.

### B.    Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In deciding a motion for summary judgment, the court "must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."  *Sologub v. City of New York,* 202 F.3d 175, 178 (2d Cir.2000) (quotations omitted).  Where, as here, the plaintiff is proceeding *pro se,* the court

must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.,* 202 F.3d 530, 536 (2d Cir.1999) (quotations omitted). "Nonetheless, '[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment.'" *Rodriguez v. Ames,* 224 F.Supp.2d 555, 559 (W.D.N.Y.2002), *quoting Rodriguez v. Hahn,* 209 F.Supp.2d 344, 348 (S.D.N.Y.2002). Plaintiff has not submitted adequate or sufficient supporting documentation to support his assertion that he is entitled to Summary Judgment at this stage in the proceedings.

First, to the extent that Plaintiff is arguing that he is entitled to a Default Judgment, such a request is denied. Plaintiff's arguments with respect to Discovery issues do not provide a basis for Default Judgment or Summary Judgment.

Second, Plaintiff's arguments with respect to the alleged excessive force do not establish entitlement to Summary Judgment. Plaintiff's allegations may adequately set forth a claim against the Defendants, but the allegations alone do not "show that there is no genuine issue as to any material fact" as required for Summary judgment. Fed. R. Civ. P. 56(c). Accordingly the Motion for Summary Judgment is denied. Plaintiff's arguments do not provide a basis on which to afford him relief.

## C.   Temporary Restraining Order

Pursuant to Rule 65 of the Federal Rules of Civil Procedure requires that the party seeking a temporary restraining order demonstrate "that immediate and irreparable injury, loss, or damage will result to the movant....." Fed. R. Civ. P 65. "A party seeking a

3

preliminary injunction must demonstrate '(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.'" *N.A.A.C.P., Inc. v. Town of East Haven,* 70 F.3d 219, 223 (2nd Cir. 1995) (quoting *Resolution Trust Corp. v. Elman,* 949 F.2d 624, 626 (2d Cir. 1991)); *PSC, Inc. v. Reiss,* 111 F.Supp.2d 252, 254 (W.D.N.Y. 2000).  Here, plaintiff is seeking a restraint on the Defendants' use of force at arrests.  Plaintiff has now been transferred to a New York State Correctional Facility, and whatever risk he may have faced has now been mooted by the transfer.  *See Prins v. Coughlin,* 76 F.3d 504, 506 (2d Cir. 1996). Accordingly the Motion for the Temporary Restraining Order is denied.

## CONCLUSION AND ORDER

Plaintiff's pending motions have been reviewed and broadly interpreted in light of his *pro se* status.  Nevertheless, for the reasons discussed above, Plaintiff's motions (Docket Nos. 17 and 21) are denied.

SO ORDERED.

Dated:  March _2_, 2009
Rochester, New York

_Charles Siragusa_
CHARLES J. SIRAGUSA
United States District Judge

4